UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL WHITTLE,<br><br>Plaintiff,<br><br>v.<br><br>ZIMS HOT SPRINGS, A BUSINESS ENTERPRISE OF THE NEZ PERCE TRIBE,<br><br>Defendant. | Case No. 2:21-cv-00303-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's motion for dismissal pursuant to Fed. R. Civ. P. Rules 56 and 12(b)(1) for lack of subject matter jurisdiction (Dkt. 11); and Plaintiff's request to deny or defer considering Defendant's motion and allow discovery (Dkt. 16). For the reasons that follow, the Court will grant Defendant's motion for summary judgment and dismissal for lack of subject matter jurisdiction

**MEMORANDUM DECISION AND ORDER - 1**

and will deny Plaintiff's request to conduct discovery.

## BACKGROUND

Plaintiff Michael Whittle, a citizen of Washington, filed this action asserting that near the end of July 2019, he was injured at Zims Hot Springs. The hot springs are man-made pools filled by pipes with water from natural hot springs. During Whittle's visit his feet came into close proximity to one of those pipes and he was severely burned, ultimately requiring a below-the knee amputation. Dkt. 1. According to Whittle, the pipe was not protected nor was there a warning sign. *Id*.

Zims Hot Springs has operated for some time in Adams County, Idaho. Although the record does not indicate when and by whom the business was started, in 2011, Allen and Linda Dixon filed a certificate of assumed business name indicating that they were operating the hot springs under the business name, "Zims Hot Springs." In 2015, the Dixons incorporated the business under Idaho law. However, the corporation was administratively dissolved a year later. The Idaho Secretary of State's records indicate that the certificate of assumed business name is "active-current" with no listed agent.

In 2018 the Nez Perce Tribe bought the hot springs and the real property upon which it is located and continued to operate it as "Zims Hot Springs." The

Nez Perce Tribe is a federally recognized sovereign tribe whose boundaries are located wholly within Idaho. According to the Chairman of the Nez Perce Tribal Executive Committee[1], "Zims and the real property upon which it is located were not acquired by the Tribe by or through a separate enterprise or corporation, and neither the Hot Springs nor the real property upon which it is located have ever been owned, managed or controlled by a corporation." Dkt. 13. Rather, since purchasing Zims and the land upon which it is located, it has been solely and continuously owned, managed, and controlled by the Tribe. Dkt. 21.

Zims does not appear to be incorporated or recognized under Nez Perce Tribal law. However, on the Nez Perce website Zims is listed as a tribal enterprise and is advertised as such on some of the enterprise's other websites.

The Tribe filed a motion seeking to have the case dismissed for lack of subject matter jurisdiction. It argues that the Court lacks diversity jurisdiction because Zims Hot Springs is a tribal enterprise of an unincorporated Indian tribe. As such, it is not, for purposes of 28 U.S.C. § 1332, a "citizen" of any state. Therefore, the argument goes, there can be no diversity of citizenship as required by the statute. In his response, Whittle ignores the Tribe's contention and made the

---

[1] The Nez Perce Tribal Executive Committee is the Nez Perce Tribe's governing body.

**MEMORANDUM DECISION AND ORDER - 3**

inapposite argument that Zims Hot Springs is not entitled to assert the Tribe's sovereign immunity. However, the Tribe, in its Reply Brief, reaffirms that it is not seeking dismissal on sovereign immunity grounds, but rather based on a lack of subject matter jurisdiction. Therefore, the only question before the Court is whether it lacks jurisdiction under 28 U.S.C. § 1332.

## LEGAL STANDARD

### A. Jurisdiction

Jurisdiction must be established before a court can reach the merits of an issue. *Ex parte McCardle*, 74 U.S. 506, 511 (1868) ("No court can do any act in any case, without jurisdiction of the subject-matter."). Subject-matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Federal courts have the power to determine their own jurisdiction. *Special Inv., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3)).

## ANALYSIS

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas,*

*LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011). Under 28 U.S.C. § 1332(a)(1), a federal court has subject matter jurisdiction if the matter is between citizens of different states and the amount in controversy exceeds $75,000. "Section 1332 requires complete diversity of citizenship, meaning each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

When the litigants are entities, diversity jurisdiction is based "on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). This principle applies to tribes and their business operations. In *American Vantage Cos., Inc. v. Table Mountain Racheria*, the Ninth Circuit followed the lead of the First, Second, Eighth and Tenth Circuits in concluding that "unincorporated Indian tribes cannot sue or be sued in diversity because they are not citizens of any state." 292 F.3d 1091, 1095, 1098 (9th Cir. 2002) This is so, because they are dependent domestic sovereign nations, and as a sovereign nation cannot be a "citizen" of any state. *Id.* at 1096. It necessarily follows that the tribe's business operations, unless conducted through a corporation, are also stateless entities, and cannot be a citizen for purposes of diversity jurisdiction. *See Id.* At 1098.

However, where the tribe itself is incorporated, or operates an entity which

**MEMORANDUM DECISION AND ORDER - 5**

is incorporated under tribal or state law, then it is a "citizen" for diversity purposes and its citizenship is deemed to be its principal place of business. *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 3d 718, 724 (9th Cir. 2008).

Reading *American Vantage* and *Cook* together provides a clear rule as to when a tribe may be subject to the diversity jurisdiction of the court. If the tribe is unincorporated and its business operations are likewise unincorporated, then neither the tribe nor its business operations are citizens for purposes of 28 U.S.C. § 1332. On the other hand, if the tribe is incorporated, or if its business operation is conducted as a corporation, then they are "citizens" under the statute and are subject to the diversity jurisdiction of the federal courts.

Whittle argues that this distinction between incorporated and unincorporated tribal business operations is contrary to language in the *Cook* decision. Specifically, they point to the following language from footnote 5 of the decision:

> We see no importance in the distinction that here ACE is a tribal corporation while the casino in *Allen* may have been unincorporated. *See American Vantage,* 292 F.3d at 1099 ("A tribe that elects to incorporate does not automatically waive its tribal sovereign immunity by doing so."). *See also* Canby, *supra,* at 101–02 ("Incorporation by itself does not waive immunity.").

However, Whittle misreads the footnote. From its text, it is clear that the Court is referring to the related, but separate, issue of sovereign immunity. Moreover, the footnote is appended to text in the decision concerning sovereign immunity and not

**MEMORANDUM DECISION AND ORDER - 6**

diversity jurisdiction. The footnote makes the common sense observation that sovereign immunity is not automatically waived when a tribe incorporates its business operations. It says nothing more and does not undermine the clear standard provided by *American Vantage* and *Cook* in determining when a tribe and its business operations are citizens for diversity purposes.

Here, there is no dispute that the Nez Perce Tribe is an unincorporated entity. Likewise, there is no evidence that Zims Hot Springs was, at the time of the incident in question here, incorporated under state or tribal law. While the previous owners of Zims Hot Springs incorporated the business under Idaho law in 2015, the corporation was later administratively dissolved.[2] Presumably, the owners of Zims then continued to operate the business without corporate status until it was sold to the Nez Perce Tribe in 2018. There is nothing in the record suggesting that the Tribe has ever incorporated Zims as a tribal or state corporation. Therefore, under the controlling standard of *American Vantage* and *Cook*, Zims is not a citizen of a state, and the Court lacks subject matter jurisdiction.

Zims has provided affidavits that Zims is solely owned, operated and

---

[2] Under Idaho law, an administratively dissolved corporation continues to exist, but it may not do any business other than "wind up its activities and affairs and liquidate its assets." I.C. § 30-21-602(c). There is no evidence in the record that Zims was reinstated as a corporation or formally converted to another type of entity under the laws of Idaho.

**MEMORANDUM DECISION AND ORDER - 7**

managed by the Nez Perce Tribe. The Tribe further states that the business has not been incorporated under tribal law. On the other hand, Whittle has presented no contrary evidence. Nor has it detailed the facts it believes it could present to defeat the Tribe's motion if given more time and further discovery. *See* Fed. R. Civ. P. 56(d). Since the incorporated or unincorporated status of a business operation is an issue easily resolved through a simple inquiry of the appropriate state or tribal agency, it is difficult to see why further discovery is warranted.

Although granting summary judgment is generally disfavored before the nonmoving party has had an opportunity to fully pursue discovery, it is appropriate where discovery could not elicit evidence that would raise genuine issues of material fact. Fed. R. Civ. P. 56(d); *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988). Such is the case here.

On the existing record, there is no genuine issue of fact as to the ownership of Zims. As an unincorporated business belonging to the Tribe, Zims is not a citizen of any state and the Court lacks diversity jurisdiction over this action. Accordingly, the Court will grant Zims' motion to dismiss for lack of subject matter jurisdiction.

**MEMORANDUM DECISION AND ORDER - 8**

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Summary Judgment and Dismissal (Dkt. 11) is **GRANTED.** This case shall be dismissed without prejudice.

2. Plaintiff's motion to conduct discovery (Dkt. 16) is **DENIED**.

DATED: January 31, 2022

B. Lynn Winmill
U.S. District Court Judge